UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EURTIS JONES,

        Movant,

                                           File No.  1:01-CV-636

v.

                                           HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

                                         /

## O P I N I O N

This matter is before the Court on Movant Eurtis Jones' January 20, 2005, and his February 18, 2005, motions to vacate habeas order pursuant to FED. R. CIV. P. 60(b) (Docket #'s 46 & 47).

The Court evaluates Movant's current motions against the backdrop of the long history of this § 2255 file.  Movant's original § 2255 motion, which included a claim based on *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), was denied by opinion and order dated April 5, 2002.  (Docket # 16).  Movant appealed that order, but was denied a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right.  CCA # 02-1530 (6th Cir. Oct. 21, 2002).  Movant subsequently filed a motion for relief from judgment in this Court pursuant to Rule 60(b)(6) on July 7, 2003, in light of the Sixth Circuit's opinion in *Griffin v. United States*, Case No. 01-3818 (June 4, 2003).  (Docket # 27).  That motion was denied on July 14, 2003. (Docket # 28).  Movant

appealed that order, but was denied a certificate of appealability. CCA #03-1973 (6th Cir. June 14, 2004). On July 26, 2004, Movant filed a motion for reconsideration of the denial of his § 2255 motion in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004). (Docket # 37). This Court entered an order dated August 6, 2004, transferring the case to the Sixth Circuit Court of Appeals because it was a second or successive petition. (Docket # 38). The transferred action was subsequently dismissed for want of prosecution. CCA #04-2195 (6th Cir. Dec. 7, 2004). Movant filed a motion for reconsideration of the order of transfer on August 18, 2004. (Docket # 39). This Court denied the motion on August 27, 2004. (Docket # 40). Movant appealed that order but the appeal was dismissed for want of jurisdiction because the order transferring the case was not appealable. CCA #04-2235 (6th Cir. Nov. 15, 2004).

Movant filed his current Rule 60(b) motions on January 20, 2005, and February 18, 2005. In these motions he contends that he properly preserved his *Apprendi* issue and that pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005), which is an extension of *Apprendi*, it is now clear that this Court committed plain error in sentencing Movant based upon judge-found facts regarding the quantity of drugs. Movant contends that these motions should not be considered second or successive petitions because they do not challenge the judgment or conviction, but instead merely seek an order concerning his *Apprendi* challenge. In support of this contention Movant cites *In re Abdur'Rahman*, 392 F.3d 174 (6th Cir. 2004), where the Sixth Circuit adopted the First Circuit's functional approach to determining

2

whether a motion should be treated as one pursuant to Rule 60(b) or as a second or successive habeas petition. *Id.* at 179 (quoting *Rodwell v. Pepe*, 324 F.3d 66, 70 (1st. Cir. 2003)).

It is not necessary for this Court to determine whether Movant's motion is a true 60(b) motion or a second or successive petition. Under either analysis his motion lacks merit. Assuming Movant is challenging procedural mistakes allegedly made in this Court's original order denying his § 2255 motion, this challenge is *res judicata*, as it could have been raised in Movant's first appeal from that order. In addition, this motion was not made within a reasonable time as required by Rule 60(b).

Assuming, on the other hand, that these motions represent a direct challenge to the constitutionality of his sentence based upon new law from the Supreme Court, then they must be viewed as second or successive petitions. Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2255, ¶ 8 & 28 U.S.C. § 2244(b)(3)(A). *See also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001). Movant has not done so. When a second or successive § 2255 motion is filed in the district court without the required certification from the court of appeals, the appropriate disposition ordinarily is to transfer the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for an initial determination as to whether the prisoner should be allowed to file such a motion. *In*

3

*re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). A transfer is appropriate under § 1631 only if it is "in the interest of justice."  28 U.S.C. § 1631.

This Court is satisfied that a transfer to the Sixth Circuit Court of Appeals would not be in the interest of justice because it would be futile. Movant's *Apprendi* issue was raised in his first § 2255 motion and denied on the merits. Movant was denied a certificate of appealability on this issue because he failed to make a substantial showing of the denial of a federal constitutional right. Movant raised the *Apprendi* issue again after *Blakely* was decided. That issue was transferred to the Sixth Circuit as a second or successive motion and was dismissed for want of prosecution. Notwithstanding his failure to prosecute this issue on appeal, Movant has filed two new motions in yet another attempt to have the same issue of judicial fact-finding as to the quantity of drugs addressed again, this time in light of *Booker*. This is undoubtedly an abuse of the writ of habeas corpus. Moreover, the general rule is that "federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (citing *Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004)). In *Humphress* the Sixth Circuit determined that the rule announced in *Booker* does not fall within either of the two exceptions to this general rule of nonretroactivity identified in *Teague v. Lane,* 489 U.S. 288 (1989*).  Humphress*, 398 F.3d at 862-63. Because Movant abandoned his appeal of the *Blakely* issue and because *Booker*

4

does not apply retroactively in collateral proceedings, Movant's *Booker* argument is without merit.

Accordingly, because Movant's Rule 60(b) motions clearly lack merit, they will be denied. An order consistent with this opinion will be entered.


Date:     July 1, 2005                     /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    CHIEF UNITED STATES DISTRICT JUDGE